IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES OF AMERICA

v.

CASE NO.: CR406-309

RANDY S. LENTZ,
REBECCA J. LENTZ,
SCOTT T. BOWLIN,
KIM A. BOWLIN

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Defendants Scott T. Bowlin and Kim A. Bowlin ("Bowlins") have filed a Motion to Suppress (Doc. No. 37), and the Government has filed a Response (Doc. No. 68). For the following reasons, the Bowlins' Motion should be **DENIED**.

## STATEMENT OF THE CASE

On August 13, 2005, a federal agent served a subpoena *duces tecum* on Total Rehab and Wellness, ordering the production of documents to the Grand Jury on September 15, 2005. (Doc. No. 37, p. 5). According to Defendant Kim Bowlin, "the agent told her that she could provide the documents then and he would relieve her of the obligation to appear before the grand jury." (Doc. No. 37, p. 1). The documents were produced to the Government that day, and the Bowlins subsequently filed this Motion to Suppress the evidence produced.

In their Motion to Suppress, the Bowlins contend that the August 2005 service of the subpoena was an unlawful search and seizure in violation of the Fourth

AO 72A
(Rev. 8/82)

Amendment, and assert that all documents seized by the Government during the subpoena's service should be suppressed. The Bowlins allege that the subpoena in question became a "forthwith subpoena for which the agent wrongfully coerced Defendant Kim Bowlin to turn over the requested documents immediately." (Doc. No. 37, p. 2). The Bowlins contend that the subpoena violated the Fourth Amendment's prohibition against unreasonable searches and seizures because agents treated the subpoena as though it were a search warrant, demanding the immediate surrender of evidence.

Conversely, the Government contends that service of the subpoena in question did not implicate the Bowlins' Fourth Amendment rights. The Government asserts that the Bowlins have no legitimate expectation of privacy in the medical records of third parties, which are documents required by administrative regulation to be available for inspection. The Government further asserts that the Fourth Amendment itself is arguably inapplicable to the service of a valid subpoena in a criminal case, and if applicable at all only operates to protect against overbroad document requests. (Doc. No. 68, p. 6). Thus, the Government asserts, the documents produced by the Bowlins on August 13, 2005 should not be suppressed.[1]

## DISCUSSION AND CITATION TO AUTHORITY

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures . . .

---

[1] The Government also argues that the Bowlins fail to comply with Local Criminal Rule 12.1, which requires that "[e]very factual assertion in a motion, response, or brief shall be supported by a citation to the pertinent page in the existing record or in any affidavit, discovery material, or other evidence filed with the motion. Where allegations of fact are relied upon that are not supported by the existing record, supporting affidavits shall be submitted." S.D. Ga. Crim. R. 12.1. However, the Court finds Defendant Kim Bowlin's affidavit affirming the factual allegations of her Motion to Suppress (Doc. No. 63) sufficient support under the rule.

." U.S. CONST. AMEND. IV. "The Amendment protects persons against unreasonable searches of their 'persons [and] houses'. . . ." Minnesota v. Carter, 525 U.S. 83, 88, 119 S. Ct. 469, 473, 142 L. Ed. 2d 373 (1998).

> The subpoena to which the Bowlins object reads in pertinent part:
>
> You are hereby commanded to appear and testify before the Grand Jury of the United States District Court . . . . You are also commanded to bring with you the following document(s) or object(s): Any and all records to include all medicare and medicaid billing records, patient files, and all other materials relating to billing records and services provided to all patients for the time period September 1, 2004 through the present. If you furnish this information to [the special agent] prior to the date for production of these documents, you will not be required to appear before the grand jury.

(Doc. No. 37, p. 5). Defendant Kim Bowlin apparently chose to allow the agent to seize the requested documents upon service of the subpoena, thus doing away with her obligation to appear before the grand jury with the evidence.

The Bowlins contend that In re Nwamu, 421 F. Supp. 1361 (S.D.N.Y. 1976), is instructive on the issue of whether the service of such a "forthwith subpoena" constitutes an unreasonable "seizure" under the Fourth Amendment. There, the court found that an FBI agent acted in violation of the Fourth Amendment when he demanded the immediate production of documents at the time of serving a subpoena. The court characterized the government's action as a seizure, finding that the agents "treated the subpoena as though it were a search warrant calling for the immediate production and surrender of the documents to the agents on the spot and proceeded to enforce it with threats of contempt." Id. at 1365. Indeed, the record in that case revealed that upon service of the subpoena, the agent instructed that "the records should be produced

immediately" and that if they were not, the individual "would be in contempt of court." Id. at 1363.

While the Bowlins contend that In re Nwamu is "of substantial similarity" to the case *sub judice*, it is instead obviously distinguishable. While the agents in Nwamu confronted the individuals with "threats" of contempt, there is no evidence that such was the case here. The extent of Ms. Bowlin's allegation is first, that Agent Westall instructed her that production of the documents to him would relieve her of the obligation to appear before the grand jury, and second, that she had to prevent the agents from removing the filing cabinet containing the records. This action hardly parallels the threats and coercion used by the agents in Nwamu. Additionally, Agent Westall did not "take it upon himself" to excuse Ms. Bowlin's appearance before the grand jury. Instead, the subpoena itself, issued by the Court, instructed that immediate production excused personal appearance. (Doc. No. 37, p. 5). Nothing alleged by Ms. Bowlin raises the agent's behavior to a level that would violate the Fourth Amendment's search and seizure protections.[2]

---

[2] The Government's Response is primarily devoted to the argument that the Bowlins have no legitimate expectation of privacy in the documents at issue. The Government asserts what may be called the "required records" doctrine, which holds that there can be no reasonable expectation of privacy in documents that are required by administrative regulation to be retained and available for inspection. See In re Grand Jury Proceedings, 601 F.2d 162 (5th Cir. 1979). The Government, however, fails to set forth what, if any, administrative regulation requires the retention and availability of the records at issue here. Regardless, it is unnecessary to address that argument at this time. Because this Court finds that service of the subpoena in question was not a "seizure," the Bowlins' Fourth Amendment rights would not have been violated even given a reasonable expectation of privacy in the documents that would trigger the Amendment's protections.

For the forgoing reasons, it is **RECOMMENDED** that Defendants Scott and Kim Bowlin's Motion to Suppress be **DENIED**.

So **REPORTED** and **RECOMMENDED** this 12th day of June, 2007.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE